UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00178-TBR

KENNY BRIDGES                                                                              PLAINTIFF

v.

O.B. GARLAND

and

M&T BANK                                                                              DEFENDANTS

## Memorandum Opinion

Defendants O.B. Garland and M&T Bank separately move to dismiss Plaintiff Kenny Bridges' *pro se* complaint. [DN 6; DN 9; *see* DN 1.] Bridges has filed responses (styled as "motion[s] for my case not [to be] dismissed"). [DN 8; DN 11.] M&T Bank also filed a reply. [DN 12.] The time for filing any further briefs has passed, and Defendants' motions are ripe for adjudication. As explained below, this Court lacks subject-matter jurisdiction to hear this case. Therefore, Defendants' motions [DN 6; DN 9] are GRANTED.

## I. Plaintiff's Claims

Plaintiff Kenny Bridges filed this action on a Court-approved general complaint form. [DN 1.] He sues Defendants O.B. Garland and M&T Bank. Bridges' complaint states neither a basis for federal jurisdiction nor any allegations against the Defendants. *See* [*id.*] As best the Court can tell from Bridges' attachments to his complaint and from his responses to Defendants' motions, this case arises from Bridges' purchase of an automobile from Garland Nissan, LLC.

According to Bridges, M&T Bank, the financier of the purchase, was supposed to "tear up" the note if the vehicle was paid for in full within forty-five days of the note's February 26, 2016 execution. A receipt provided by Bridges purports to show that he paid Garland in full for the vehicle on March 11, 2016 with $4736.00 in cash and a $13,313.90 check, totaling approximately $18,000.00. [DN 1-1 at 4.] However, Bridges alleges that his $18,000.00 payment was never forwarded to M&T Bank. As a result, he says, the bank attempted to collect upon the note for six months, when Garland finally released the money to M&T. Bridges seeks damages of $100,000.00, although he does not state how he arrived at that sum.

Both Defendants now move to dismiss Bridges' complaint, each raising three identical arguments. First, they argue that this Court has no subject-matter jurisdiction to hear Bridges' case, because the parties are not diverse and Bridges has not pled a federal issue. Second, Defendants contend that this Court has no personal jurisdiction over them because Bridges' service of the complaint and summons via United Parcel Service was improper. Finally, they claim that even if this Court had jurisdiction, Bridges' complaint fails to state a claim against Defendants upon which the Court may grant relief. Because subject-matter jurisdiction does not exist in this case, the Court need not address the other issues raised by Defendants.

## II. Analysis

*Pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). However, "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall,* 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l. Travelers Life Ins. Co.,* 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

Federal district courts are courts of limited jurisdiction, and their powers are enumerated in Article III of the Constitution. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994); *Hudson v. Coleman,* 347 F.3d 138, 141 (6th Cir. 2003) ("[I]t is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute."). "Jurisdiction defines the contours of the authority of courts to hear and decide cases, and, in so doing, it dictates the scope of the judiciary's influence." *Douglas v. E.G. Baldwin & Assoc. Inc.,* 150 F.3d 604, 606 (6th Cir. 1998), *overruled on other grounds by Cobb v. Contract Transp., Inc.,* 452 F.3d 543, 548-49 (6th Cir. 2006).

Moreover, federal courts have an independent duty to determine whether they have jurisdiction and to "police the boundaries of their own jurisdiction." *Douglas,* 150 F.3d at 607 (citing *Ebrahimi v. City of Huntsville Bd. of Educ.,* 114 F.3d 162, 165 (11th Cir. 1997)).

The party who seeks to invoke a federal district court's jurisdiction bears the burden of establishing the court's authority to hear the case. *Kokkonen,* 511 U.S. at 377. There are two ways a federal district court may have jurisdiction over a case: diversity jurisdiction under 28 U.S.C. § 1332, and federal question jurisdiction under 28 U.S.C. § 1331. Neither exists in this case.

### A. Diversity Jurisdiction

To establish diversity jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, and the amount in controversy must exceed "the sum or value of $75,000, exclusive of interest and costs[.]" Complete diversity requires that "*each* defendant [be] a citizen of a different State [than] *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). Here, on the face of Bridges' complaint, such diversity does not exist. Bridges, a Kentucky resident, asserts that O.B. Garland resides in Kentucky and that M&T Bank resides in Delaware. [DN 1 at 2-3.] Defendants have said nothing that contradicts Bridges' allegations. Bridges bears the burden of establishing federal jurisdiction, *Kokkonen,* 511 U.S. at 377, but his allegations regarding the citizenship of Defendants belie any argument that § 1332 diversity jurisdiction exists in this case.

B. Federal Question Jurisdiction

Additionally, Bridges fails to establish federal question jurisdiction under 28 U.S.C. § 1331. Pursuant to that section, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Here, Bridges' complaint and its attachments are devoid of any factual or legal allegations that Bridges has been deprived of any federal statutory or constitutional right. For that reason, Bridges fails to demonstrate jurisdiction under 28 U.S.C. § 1331.

### III. Conclusion

Accordingly, because Bridges has failed to establish that this Court has subject-matter jurisdiction over this action, Defendants' motions to dismiss [DN 6; DN 9] must be GRANTED, and Bridges' case must be DISMISSED.

An appropriate order will follow.

CC: Counsel of Record
Plaintiff, *pro se*